UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

CORNER HOUSE CONDOMINIUM
ASSOCIATION,
    *Plaintiff*,

    v.

STATE FARM FIRE & CASUALTY CO.,
    *Defendant*.

No. 3:16-cv-01515 (JAM)

### RULING GRANTING MOTION TO REMAND TO STATE COURT

To remove a case from state court to federal court, a defendant must act quickly. Within 30 days of receiving a document first alerting a defendant that a federal court would have subject-matter jurisdiction over a case that has been filed against the defendant in state court, a defendant must file a notice of removal—or else the right to remove is forever lost. *See* 28 U.S.C. § 1446(b); *Spencer v. Duncaster*, 54 F. Supp. 3d 171, 173 (D. Conn. 2014). Here, defendant has removed this case from state court but did so more than 30 days after it received multiple written notices from plaintiff alerting it of the factual basis for federal jurisdiction. Accordingly, I will grant plaintiff's motion to remand this case to state court.

#### BACKGROUND

In early May 2015, a motor vehicle ran off the road in Hartford, Connecticut, and it ended up crashing into a building owned by plaintiff Corner House Condominium Association. The building was insured by defendant State Farm Fire and Casualty Co. After State Farm allegedly failed to pay Corner House fully for its loss, Corner House filed suit in Connecticut state court in April 2016 for breach of contract and other state law claims.

Federal courts, of course, may exercise diversity jurisdiction over state law claims if the parties are citizens of different states and the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332. Although there is no dispute that the amount in controversy here exceeds $75,000, the state of citizenship of the parties was not clear at the outset from the face of the complaint. Corner House was alleged in the complaint to be an "association" of some sort, but there was no detail in the complaint about the citizenship of each of the association's members. *See Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 461 (1980) (noting that "unincorporated associations remain mere collections of individuals" and that "when the 'persons composing such association' sue in their collective name, they are the parties whose citizenship determines the diversity jurisdiction of a federal court"). Similarly, State Farm was alleged to do business in Connecticut but there was no allegation of its state of incorporation or principal place of business. *See Carter v. HealthPort Techs., LLC*, 822 F.3d 47, 60 (2d Cir. 2016) (noting that "for purposes of diversity jurisdiction, a corporation is deemed, as relevant here, to be a citizen both of the state in which it has its principal place of business and of any state in which it is incorporated").

On September 7, 2016, State Farm removed this case from state court to this Court pursuant to 28 U.S.C. § 1446. *See* Doc. #7. State Farm alleged that this Court has diversity jurisdiction on the ground that it was a citizen of Illinois and that Corner House was a citizen of Connecticut, because all of its associational members were citizens of Connecticut. State Farm contended that its removal of this action was timely because, based upon "newly received information," it "was finally able to ascertain" that the members of Corner House were citizens of Connecticut. *Id.* at 4. On September 7, 2016, Corner House filed a motion to remand,

contending that State Farm had long had notice of the citizenship of Corner House's members and that it had not timely removed this action within the 30-day time limit prescribed under 28 U.S.C. § 1446. *See* Doc. #17.

## DISCUSSION

One way that a civil case may end up on a federal district court docket is by removal of the case from where it was initially filed in a state court. *See* 28 U.S.C. § 1441, *et seq.* But "[d]ue regard for the rightful independence of state governments, which should actuate federal courts, requires that [federal courts] scrupulously confine their own jurisdiction to the precise limits which the [removal] statute has defined." *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 109 (1941). Thus, "the removal statute, like other jurisdictional statutes, is to be strictly construed." *Whitaker v. Am. Telecasting, Inc.*, 261 F.3d 196, 201 (2d Cir. 2001) (citations omitted).

A state court action is subject to removal only if a federal court would have had jurisdiction if the case had first been filed in federal court and if the defendant seeking removal complies with the removal statute's time limits. *See Cutrone v. Mortg. Elec. Registration Sys., Inc.*, 749 F.3d 137, 142 (2d Cir. 2014). The time limits are mandatory and must be rigorously enforced. *See Somlyo v. J. Lu-Rob Enters., Inc.*, 932 F.2d 1043, 1046 (2d Cir. 1991).

Ordinarily, a defendant must effectuate removal of a case within 30 days of its receipt of the initial summons or complaint. *See* 28 U.S.C. § 1446(b)(1). Alternatively, "if the case stated by the initial pleading is not removable," then a case may be properly removed within 30 days of the receipt by defendant of any "amended pleading, motion, order, or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3); *see also Cutrone*, 749 F.3d at 143 ("If removability is not apparent from the

3

allegations of an initial pleading or subsequent document, the 30-day clocks of 28 U.S.C. §§ 1446(b)(1) and (b)(3) are not triggered.").

State Farm contends that it did not learn that this case was removable until August 22, 2016, and that it timely filed its notice of removal on September 7, 2016. But, as Corner House has shown, it is clear that State Farm had received "other paper" well before August 7, 2016—30 days prior to its notice of removal—from which it could readily ascertain that the members of Corner House were citizens of Connecticut. *See, e.g.*, Doc. #17-1 at 2 (e-mail from Corner House's counsel to State Farm's counsel of June 27, 2016, received 72 days before notice of removal was filed, stating that "[m]y understanding is the members of Corner House Condominium Association are Connecticut residents"); Doc. #17-3 at 2 (e-mail of July 8, 2016, from Corner House's counsel to State Farm's counsel, received 61 days before notice of removal was filed and stating in part that "my understanding is that as of the date of the loss there were two owners and they were both residents of the State of Connecticut"); Doc. #17-4 at 5, 8 (Corner House's state court pleading of July 22, 2016, filed 47 days before notice of removal was filed and twice stating that Corner House is "a homeowner's association" consisting of "individuals residing in Connecticut"); Doc. #17-5 at 3 (affidavit sent to State Farm's counsel on July 28, 2016, 41 days before notice of removal was filed and identifying each of the association members as being a resident of Connecticut).

State Farm contends that the documents it received prior to August 7, 2016, were insufficient to start the removal clock because they did not precisely and correctly identify the names of each of plaintiff's members. *See* Doc. #18 at 5. I am not persuaded that this discrepancy makes any difference, because there was never any suggestion that one or more of the association's members were citizens of the same state as State Farm (Illinois). At least as of

4

July 28 (and probably far earlier), it was clear to State Farm from "other paper" received that Corner House's members were all citizens of Connecticut.[1] A defendant must apply "a reasonable amount of intelligence" in ascertaining removability. *See Cutrone*, 749 F.3d at 143.

The benefit of hindsight does not inform when the 30-day clock begins to tick; to conclude otherwise would invite gamesmanship, allowing a defendant to delay filing a notice of removal while it "tests the waters in state court, removing only if and when it determines that the state court is not a favorable forum for it." *See Moltner v. Starbucks Coffee Co.*, 624 F.3d 34, 38 (2d Cir. 2010) (*per curiam*). Indeed, the state court docket here reveals that State Farm sought to stay discovery pending resolution of its motion to strike certain counts of the complaint. *See* Entry No. 110.00 to *Corner House Condo. Assoc. v. State Farm Fire & Cas. Co.*, No. HHD-CV16-6068831, *available at*

http://civilinquiry.jud.ct.gov/CaseDetail/PublicCaseDetail.aspx?DocketNo=HHDCV166068831S.

Only after those motions were denied on September 6, 2016, did State Farm file for removal the very next day.

## CONCLUSION

Plaintiff's motion to remand (Doc. #17) is GRANTED because defendant's notice of removal was untimely. In light of this ruling, defendant's motion to dismiss (Doc. #25) and request for other relief (Doc. #23) are moot.

The Clerk shall close this case.

---

[1] There is no dispute that the types of documents State Farm received—correspondence and pleadings filed in state court—plainly meet the definition of "other paper" from which removability may be ascertained. *See* 14C C. Wright & A. Miller, Federal Practice and Procedure § 3731 (4th ed.) ("federal courts have given the reference to 'other paper' an expansive construction and have included a wide array of documents within its scope . . . [including] discovery documents[,] . . . correspondence between the parties and their attorneys or between the attorneys[,] . . . [and documents] generated within the state litigation").

It is so ordered.

Dated at New Haven, Connecticut, this 30th day of December 2016.

                                            /s/ *Jeffrey Alker Meyer*
                                            Jeffrey Alker Meyer
                                            United States District Judge